## ESTADO LIBRE ASOCIADO DE PUERTO RICO
## TRIBUNAL GENERAL DE JUSTICIA
## TRIBUNAL DE APELACIONES
## PANEL X

| | | |
|---|---|---|
| **EDWARD BERRÍOS GREEN** QUERELLANTE(S)-RECURRIDA(S) v. **PEPE ABAD, INC.** QUERELLADA(S)-PETICIONARIA(S) | **KLCE202301028** | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de **CAGUAS** Caso Núm. **CY2021CV00250** (802) Sobre: Despido Injustificado |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 31 de enero de 2024.

Comparece ante nos, **PEPE ABAD KIA, INC.** (**PEPE ABAD**) mediante *Petición de Certiorari* incoada el 18 de septiembre de 2023. En su recurso, nos solicita que revisemos la *Resolución* dictada el 6 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Caguas.[1] Mediante dicho dictamen, el foro *a quo* declaró *no ha lugar* la *Moción de Sentencia Sumaria* presentada el 26 de julio de 2022 por **PEPE ABAD**.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

### - I -

El 12 de julio de 2021, el señor **EDWARD BERRÍOS GREEN** (señor **BERRÍOS GREEN**) entabló una *Querella* sobre despido injustificado.[2] Expuso que, fue

---

[1] Esta determinación judicial fue notificada y archivada en autos el 7 de septiembre de 2023. Véase Apéndice de la *Petición de Certiorari*, págs. 301- 312.
[2] *Íd.*, págs. 1– 4.

Número Identificador:
SEN2024_____

empleado mediante contrato sin tiempo determinado por un (1) año antes de ser despedido; su empleo era uno a tiempo completo; laboraba cuarenta (40) horas semanales; y su salario más alto devengado fue de $1,531.88 semanal. Reclamó la cuantía de $21,446.32 por concepto de mesada en contra de **PEPE ABAD,** ello, al amparo de la Ley Núm. 2 de 1961, según enmendada.

Tiempo después, el 8 de septiembre de 2021, **PEPE ABAD** presentó su *Contestación a Querella*.[3] En síntesis, arguyó que el 9 de enero de 2018, el señor **BERRÍOS GREEN** comenzó a laborar como ejecutivo de ventas; y fue despedido por justa causa, a tenor con las disposiciones de la Ley Núm. 80 de 1976, según enmendada; la Ley Núm. 4 de 2017, así como la jurisprudencia interpretativa aplicable. Señaló que se reunieron con el señor **BERRÍOS GREEN** para notificarle la decisión de la empresa de despedirlo, ello, en consideración a los hallazgos de una investigación.

Luego de varios incidentes procesales, y de haber finalizado el descubrimiento de prueba, el 26 de julio de 2022, **PEPE ABAD** presentó una *Moción de Sentencia Sumaria*.[4] Sostuvo que no existe controversia de hechos materiales que impidan resolver el caso por la vía sumaria. El 2 de agosto de 2022, se dictaminó *Orden* en la cual se le requirió al señor **BERRIOS GREEN** exponer su posición en torno a la moción de sentencia sumaria al señor **BERRÍOS GREEN**.[5]

Así las cosas, el 23 de agosto de 2022, **PEPE ABAD** presentó su *Moción para que se Dé por Sometida Sin Oposición la Moción de Sentencia Sumaria Presentada por la Parte Querellada.*[6] Solicitó que se diera por sometida la moción de sentencia sumaria sin oposición.

---

[3] Véase Apéndice de la *Petición de Certiorari*, págs. 5– 14.
[4] *Íd.*, págs. 16- 234. Dicho petitorio está acompañado de los siguientes documentos: (i) Anejo 1(A)- **fragmentos** de la Deposición efectuada el 19 de enero de 2022 al señor Edward Berrios Green; (ii) Anejo 1(B)- **fragmentos** de la Deposición efectuada el 12 de abril de 2022 al señor Berrios Green; (iii) Anejo 2– *Manual del Empleado* (*Guía sobre los Estándares, Normas, Conducta, Procedimientos, Valores, Licencias y Beneficios de la Organización*); (iv) Anejo 3– Acuse de *Recibo del Manual de Empleado* firmado por el señor Edward Berrios Green; (v) Anejo 4– manuscrito suscrito por el señor Jonathan Rivera Rivera (empleado de **PEPE ABAD**); y Anejo (v) – *Declaración Jurada* suscrita por la señora Miren Lydia Ayerdi Santiago, gerente de Recursos Humanos de **PEPE ABAD**.
[5] Véase Apéndice de la *Petición de Certiorari*, pág. 235.
[6] *Íd.*, págs. 237– 238.

Ese mismo día, el señor **BERRÍOS GREEN** presentó una *Moción de Oposición a Solicitud de Sentencia Sumaria y Otros Extremos*.[7] En su escrito, el señor **BERRÍOS GREEN** manifestó:

> [Pepe Abad] [n]o tiene razón en ninguno de sus argumentos, existe controversia sobre el hecho material, sustancial de la querella [esto] es si es o no justificado el despido y, como cuestión de derecho no procede el remedio sumario. Por ello se solicita a esta Curia declare no ha lugar la solicitud de la querellada.

En horas de la tarde, **PEPE ABAD** presentó *Moción para Que No se Considere "Moción de Oposición a Solicitud de Sentencia Sumaria y Otros Extremos" de la Parte Querellante y, en la Alternativa, Solicitud de Término para Presentar Replica*.[8]

El 12 de septiembre de 2022, **PEPE ABAD** presentó su *Réplica a Oposición a Moción de Sentencia Sumaria* en la cual argumentó que no existe controversia de hechos; su petitorio permanece incontrovertido; y procede dictar sentencia sumaria a su favor.[9] Consiguientemente, el 25 de octubre de 2022, el tribunal de instancia decretó *Orden* considerando por sometida la adjudicación de la solicitud de sentencia sumaria.

Finalmente, el 6 de septiembre de 2023, el tribunal *a quo* dictaminó la *Resolución* impugnada. El foro primario formuló trece (13) hechos que, a su juicio, no están en controversia; precisó seis (6) hechos en controversia o arrojan dudas al juzgador; y pautó la *Conferencia con Antelación al Juicio* pautada para el **1 de febrero de 2024 a las 2:30 de la tarde mediante videoconferencia**.[10]

El tribunal de instancia determinó que los siguientes hechos no están en controversia:

1. Berríos fue empleado de Pepe Abad desde el 9 de enero de 2018 hasta el 7 de junio de 2019 como Ejecutivo de Cuentas.
2. El 1 de junio de 2019 un cliente acudió a Pepe Abad para que, como parte de los servicios adquiridos, se le diera un tratamiento de Cilajet a su vehículo Kia Río Quinto.
3. El referido vehículo tenía un balance de $25,000.00.

---

[7] *Íd.*, págs. 241- 247.
[8] Véase Apéndice de la *Petición de Certiorari*, págs. 249- 251.
[9] *Íd.*, págs. 255- 293.
[10] *Íd.*, pág. 310- 312.

4. El cliente manifestó estar interesado en adquirir una unidad más grande.

5. Berríos le explicó que, al vehículo Kia Río Quinto ser una unidad nueva con un balance alto, no podía darse en "trade-in", pero que tenía dos (2) alternativas: entregar el referido vehículo Kia Río Quinto al banco o, venderlo por su cuenta para liberar su crédito.

6. El cliente optó por incluir a su esposa en la compra de la nueva unidad y el banco le dio su aprobación.

7. El cliente y su esposa se retiraron de Pepe Abad en la nueva unidad.

8. La unidad Kia Río Quinto permaneció en los predios de Pepe Abad sin haberse entrado a ninguno de los inventarios.

9. El referido vehículo estuvo en posesión de Berríos hasta el 5 de junio de 2019.

10. El 5 de junio de 2019, se celebró una reunión entre Berríos y personal gerencial de Pepe Abad y, como resultado, el primero fue suspendido hasta tanto se realizar[a] una investigación del asunto.

11. El 7 de junio de 2019 Berríos fue despedido.

Entre los hechos que, a juicio del foro de instancia, están en controversia se encuentran:

1. La razón por la que los compradores del vehículo en controversia dejaron la unidad Kia Río Quinto en los predios de **PEPE ABAD**.

2. Acuerdo, si alguno, entre Berríos y los compradores con relación a qué iban a hacer con el referido vehículo.

3. Expediente de personal de Berríos y si existían quejas previas por situaciones similares.

4. Investigación que realizó **PEPE ABAD** y que motivó el despido de Berríos.

5. Investigación realizada por el Negociado de Normas y Trabajo cuyos resultados los hicieron concluir que se le adeudaban a Berríos $21,446.32 por alegado despido injustificado.

6. Reclamaciones realizadas a **PEPE ABAD** por parte del Negociado de Normas y Trabajo.

En desacuerdo, el 18 de septiembre de 2023, **PEPE ABAD** instó ante este Tribunal de Apelaciones una *Petición de Certiorari*. En su escrito, señala el(los) siguiente(s) error(es):

**Primer Error**: El TPI cometió prejuicio, parcialidad y error craso y manifiesto en la apreciación de la prueba documental al determinar que existía controversia de hechos sobre el historial de conducta previa del Recurrido y la investigación realizada por Pepe Abad a pesar de que el Peticionario presentó evidencia sustancial que no fue controvertida.

**Segundo Error**: Erró el TPI y abusó de su discreción al no dar deferencia a la investigación interna ni a la adjudicación de credibilidad realizada por Pepe Abad, a pesar de que el proceso de investigación no fue impugnado de forma alguna por el Recurrido ni existe evidencia de perjuicio,

irrazonabilidad o arbitrariedad en el proceso que justifique inmiscuirse con la prerrogativa gerencial en este caso.

**Tercer Error**: Erró y abusó de su discreción el TPI como cuestión de derecho procesal bajo la Regla 36 de Procedimiento Civil al establecer nuevas determinaciones de hechos que son totalmente inmateriales, que surgen de la oposición que -recordemos- el TPI previamente determinó que no iba a considerar y sobre los cuales no hay evidencia.

**Cuarto Error**: La Resolución del TPI es contraria a derecho toda vez que las determinaciones de hechos realizadas por el TPI, por sí solas, justifican la terminación de empleo del Recurrido a la luz de la Ley 80- 1976, Ley 4-2017 y la jurisprudencia interpretativa aplicable.

El 22 de septiembre de 2023, este foro revisor emitió *Resolución* en la cual, entre otras cosas, le concedimos un plazo perentorio de diez (10) días al señor **BERRÍOS GREEN** para mostrar causa por la cual no debemos expedir el auto de *certiorari* y revocar el dictamen impugnado. Al día de hoy, el señor **BERRÍOS GREEN no** ha presentado contención alguna.

Evaluado concienzudamente el expediente del caso, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A -

El recurso de *certiorari* permite a un tribunal de mayor jerarquía revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial.[11] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[12]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[13]

---

[11] *Rivera Gómez v. Arcos Dorados Puerto Rico Inc.*, 2023 TSPR 65; 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46; 211 DPR ___ (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[12] *Íd.*
[13] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).

Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[14]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[15] La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[16]

En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público; o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[17]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[18]

El examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[19] Para ello, la Regla 40 de nuestro Reglamento

---

[14] *Íd.*

[15] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*

[16] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).

[17] 4 LPRA Ap. XXII – B, R. 40; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339– 340 (2012).

[18] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).

[19] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra.*

instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[20]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[21] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[22] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[23] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[24]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[25] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho

---

[20] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).

[21] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).

[22] *Mun. de Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).

[23] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).

[24] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. de Caguas v. JRO Construction, Inc., supra*.

[25] *García v. Asociación*, 165 DPR 311, 322 (2005).

sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[26]

- B -

La *Ley de Procedimiento Sumario de Relaciones Laborales,* conocida como la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, fue promulgada como un mecanismo procesal, de naturaleza sumaria, cuyo objetivo es lograr la rápida consideración y adjudicación de las reclamaciones laborales por empleados en contra de sus patronos.[27] En esa dirección, sabido es que las reclamaciones laborales ameritan ser resueltas con celeridad de forma tal que se pueda implantar la política pública del Estado, de proteger los empleos, desalentar el despido sin justa causa y proveer al obrero que resulte despedido los medios económicos para su subsistencia mientras consigue un nuevo empleo.[28]

Es menester señalar que, con la finalidad de continuar promoviendo el carácter sumario de la ley, la Asamblea Legislativa aprobó la Ley Núm. 133 de 2014 en la cual manifestó su intención de extender el carácter sumario del estatuto a la etapa apelativa para cumplir con el propósito rector de la misma, de proveer al obrero un remedio rápido y eficaz.[29] En armonía con lo antes expuesto, nuestro Máximo Foro ha resuelto que la revisión de resoluciones interlocutorias es contrario al carácter sumario que, precisamente, busca adelantar el procedimiento. En virtud de ello, los tribunales revisores debemos autolimitar nuestra facultad al efecto.[30]

En ese sentido, la parte que pretenda impugnar las resoluciones interlocutorias deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente a base del alegado error cometido.[31] Asimismo, el Tribunal

---

[26] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[27] 32 LPRA sec. 3118. Véase también *Patino Chirino v. Parador Villa Antonio*, 196 DPR 439, 446 (2016); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016).
[28] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 265 (2018).
[29] Véase Exposición de Motivos, Ley Número 133 de 2014. Véase, además *Patino Chirino v. Parador Villa Antonio, supra*, págs. 446– 447.
[30] *Dávila Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 496 (1999).
[31] *Íd.*, pág. 497.

Supremo ha reconocido que lo anterior no sería absoluto, y, por tanto, cedería en aquellos casos en que alguna **resolución sea dictada sin jurisdicción** por el Tribunal de Primera Instancia; o en los cuales los **fines de la justicia requieran la intervención** del foro apelativo.[32]

De este modo, a manera de excepción los tribunales apelativos deben mantener y ejercer su facultad para revisar mediante *certiorari* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario a tenor con la Ley Núm. 2 de 1961, en aquellos casos extremos en que la revisión inmediata disponga del caso en forma definitiva; o cuando dicha revisión inmediata tenga el efecto de evitar una grave injusticia.[33]

Esto es, de manera excepcional, los foros revisores deben mantener y ejercer su facultad revisora mediante *certiorari* en aquellas resoluciones interlocutorias dictadas en un procedimiento sumario (querellas laborales), en las siguientes instancias: **(1) cuando el tribunal primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo; o (3) cuando la revisión tenga el efecto de evitar una grave injusticia**.[34]

- C -

La *sentencia sumaria* es un mecanismo procesal extraordinario disponible para adjudicar controversias cuando no se requiere la celebración de un juicio.[35] Su propósito o finalidad es propiciar la solución justa, rápida y económica de los litigios civiles que no presentan controversias genuinas de hechos materiales, y en los cuales solo resta dirimir una controversia de derecho.[36]

---

[32] *Medina Nazario v. McNeil Healthcare, supra,* pág. 730. (Énfasis nuestro); *Díaz Santiago v. PUCPR et al.*, 207 DPR 339, 349 (2021).
[33] Íd.
[34] *Díaz Santiago v. PUCPR et al., supra.*
[35] *Birriel Colón v. Supermercado Los Colobos*, 2023 TSPR 120; 213 DPR ___; *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).
[36] *Birriel Colón v. Supermercado Los Colobos, supra*; *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430; *Vera v. Dr. Bravo*, 161 DPR 308, 331 (2004).

Este mecanismo se encuentra instituido por la Regla 36 de las de Procedimiento Civil de 2009.[37] Esta prescribe que cualquiera de las partes "podrá presentar [...] una moción fundamentada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada".[38]

Lo anterior implica que, la parte promovente debe demostrar que no existe controversia sustancial sobre algún hecho material, pues la *sentencia sumaria* solo debe dictarse en casos claros, cuando el tribunal tenga ante sí la verdad sobre todos los hechos pertinentes.[39] Para ello, debe desglosar en párrafos debidamente numerados y, para cada uno de ellos, debe especificar la página o el párrafo de la declaración jurada u otra prueba admisible en evidencia que lo apoya.[40] La jurisprudencia interpretativa ha definido que "[u]n hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable".[41]

Por su parte, quien se opone a que se dicte *sentencia sumaria* está obligado a controvertir la prueba presentada, contestando de forma detallada y específica aquellos hechos pertinentes para demostrar que existe una controversia real y sustancial que debe dilucidarse en juicio.[42] Es decir, no basta con presentar meras afirmaciones. Resulta insuficiente para derrotar una solicitud de *sentencia sumaria* una declaración jurada que meramente exponga conclusiones reiteradas de las alegaciones de la demanda y hechas sin conocimiento personal de los hechos.[43] Empero, será el análisis del

---

[37] 32 LPRA Ap. V, R. 36.3 (a); *SLG Zapata-Rivera v. J.F. Montalvo, supra*, pág. 432.

[38] *Acevedo y otros v. Dpto. de Hacienda*, 2023 TSPR 80, 212 DPR ___ (2023).

[39] *Oriental Bank v. Caballero García*, 2023 TSPR 118; 213 DPR ____; *Ramos Pérez v. Univisión, supra*, pág. 213.

[40] Regla 36.3(a) de las de Procedimiento Civil de 2009, *supra*; *SLG Zapata-Rivera v. J.F. Montalvo, supra*.

[41] *Serrano Picón v. Multinational Life Insurance Company*, 2023 TSPR 118; 213 DPR ___; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión, supra*, pág. 213.

[42] *Ramos Pérez v. Univisión, supra*, pág. 214.

[43] *Íd.*, págs. 215- 216.

derecho aplicable y de la existencia de alguna controversia sustancial de hechos materiales lo que determinará si procede dictar sentencia sumariamente, y no el que la parte contraria deje de oponerse a la solicitud, o lo haga defectuosamente.[44]

Al evaluar la procedencia de la solicitud de *sentencia sumaria* el tribunal **analizará los documentos que acompañan la moción de *sentencia sumaria*, los documentos incluidos con la moción en oposición y aquellos que obren en el expediente del tribunal**.[45] Por ello, "[t]oda inferencia que se haga a base de los hechos y documentos que obren en los autos, debe tomarse desde el punto de vista más favorable al que se opone a la solicitud de sentencia sumaria".[46]

No obstante, "cualquier duda no es suficiente para derrotar una moción de sentencia sumaria; por el contrario, tiene que ser una duda que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes".[47] Por tanto, "[existe] una controversia real cuando la prueba ante el tribunal es de tal naturaleza que un juzgador racional de los hechos podría resolver a favor de la parte promovida".[48]

La parte promovente puede prevalecer por la vía sumaria si presenta prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. En cambio, la parte promovida puede derrotar la moción de tres (3) maneras diferentes: (1) si establece una controversia real de hechos sobre uno de los elementos de la causa de acción de la parte promovente; (2) si presenta prueba que apoye una defensa afirmativa, o (3) si presenta prueba que establezca una controversia sobre la credibilidad de los testimonios jurados que presentó la parte promovente.

---

[44] *Ortiz v. Holsum*, 190 DPR 511, 525 (2014).
[45] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 913 (1994). (énfasis nuestro).
[46] *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 610- 611 (2000).
[47] *Ramos Pérez v. Univisión, supra,* pág. 214.
[48] *Íd.*

Por otro lado, la parte promovida puede prevalecer por la vía sumaria en escenarios diversos. A modo de ejemplo, puede establecer que no hay controversia real de hechos relevantes sobre, al menos, uno de los elementos de la causa de acción de la parte promovente. También puede establecer la existencia incontrovertible de prueba que sustente una defensa afirmativa.[49]

Ahora bien, este Tribunal de Apelaciones se encuentra en la misma posición que el Tribunal de Primera Instancia al momento de revisar [denegaciones] o concesiones de mociones de *sentencia sumaria*.[50] Esto significa que, al evaluar la solicitud de *sentencia sumaria*, al igual que el foro primario, debemos aplicar los criterios de la Regla 36 de las de Procedimiento Civil de 2009 y su jurisprudencia interpretativa. Ello supone examinar el expediente de la manera más favorable hacia la parte que se opuso a la solicitud de *sentencia sumaria*, llevando a cabo todas las inferencias permisibles a su favor. Como resultado, tenemos el deber de revisar que tanto la moción de *sentencia sumaria* como su oposición cumplan con los requisitos de forma instituidos en la Regla 36 de las de Procedimiento Civil de 2009.[51]

En esencia, si el foro primario **acogió la moción** y dictó sentencia sumariamente, nos corresponderá revisar que, efectivamente no existan hechos materiales en controversia.[52] De no existir, procederemos entonces a revisar de *novo* si el Tribunal de Primera Instancia adjudicó correctamente el derecho. Por el contrario, si el foro primario **denegó la moción de *sentencia sumaria*** por entender que existían hechos materiales en controversia, "**el tribunal apelativo solo revisa si el foro primario abusó de su discreción**".[53] En palabras sencillas, los tribunales revisores estamos limitados a: (1) considerar los documentos que se presentaron ante el foro de

---

[49] *Íd.*, pág. 217.
[50] *Rosado Reyes v. Global Healthcare*, 205 DPR 796, 809 (2020); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118 (2015).
[51] *Birriel Colón v. Supermercado Los Colobos, supra.*
[52] *Rivera Matos et al. v. Triple S et al.*, 204 DPR 1010, 1025 (2020).
[53] *Meléndez González et al. v. M. Cuebas, supra*, pág. 116. (énfasis nuestro).

instancia; (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales; y (3) comprobar si el derecho se aplicó de forma correcta.[54]

- III -

En el caso de marras, **PEPE ABAD** acudió ante este tribunal intermedio solicitando nuestra intervención para revisar la *Resolución* determinada el 6 de septiembre de 2023 mediante la cual se denegó su solicitud de *sentencia sumaria*. **PEPE ABAD** arguyó que el foro primario cometió cuatro (4) errores. La totalidad de los errores señalados van dirigidos a impugnar la legitimidad del dictamen, pues, entiende que el tribunal de instancia incurrió en prejuicio, parcialidad, error craso y abuso de discreción. Esencialmente, esbozó que el foro primario formuló determinaciones de hechos contrarias a la apreciación de la prueba documental, puesto que la trascripción de la deposición tomada, bajo juramento, al señor **BERRÍOS GREEN**, así como la evidencia admisible, demuestran la ausencia de controversia, dado que como patrono realizaron una investigación completa, oportuna y sin ánimo prevenido. Argumentó, que el despido del señor **BERRÍOS GREEN** fue con justa causa y, este foro apelativo ostenta jurisdicción para revisar la *Resolución* recurrida.

Como cuestión de umbral, precisa señalar que, a tenor con la normativa atinente a la revisión de *sentencia sumaria*, y luego de evaluar concienzudamente los respectivos escritos presentados, hallamos que la *Moción de Oposición a Solicitud de Sentencia Sumaria y Otros Extremos* presentada por el señor **BERRÍOS GREEN** no cumple con los requisitos de forma estatuidos en la Regla 36 de las de Procedimiento Civil de 2009, *supra*. Esto es, aun cuando el señor **BERRÍOS GREEN** incluyó una relación en párrafos enumerados de los hechos esenciales que consideraban incontrovertidos, en ninguno de ellos hicieron referencia a los párrafos o las páginas de las

---

[54] *Birriel Colón v. Supermercado Los Colobos, supra*, pág. 5; *Meléndez González et al. v. M. Cuebas, supra*, págs. 114 – 116.

declaraciones juradas o cualquier otra prueba admisible en evidencia que estableciera tales hechos, tal y como lo exige la Regla 36.3 de las de Procedimiento Civil de 2009, *supra*. Ello, sin embargo, no dispone sin más de la controversia ante nuestra consideración.

Al revisar la totalidad del expediente judicial, este revela que el foro recurrido aplicó correctamente la Regla 36 de las de Procedimiento Civil de 2009. En ese sentido, determinó los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, y aquellos que están en disputa. En consecuencia, acogemos los hechos no controvertidos. Empero, tras un examen ponderado de los documentos del legajo, se limitan y **modifican** las controversias de derecho pendientes. De las seis (6) controversias que están pendientes a dilucidarse en sus méritos, según el tribunal primario, solamente entendemos que subsisten las siguientes:

3. Expediente de personal de Berríos y si existían quejas previas por situaciones similares.
4. Investigación que realizó **Pepe Abad** y qué motivó el despido de Berríos.

Es nuestro deber revisar si el foro de instancia aplicó correctamente el derecho al asunto que nos ocupa. Resolvemos en la afirmativa. Lo cierto es que sí existen dudas en torno a la investigación realizada por **Pepe Abad** concerniente al señor **Berríos Green**. En definitiva, colegimos que el tribunal primario no erró ni abusó de su discreción, cometió perjuicio o error manifiesto al declarar no ha lugar la *Moción de Sentencia Sumaria* presentada por **Pepe Abad,** toda vez que, su determinación es esencialmente correcta y está fundamentada en los documentos que obran en el expediente judicial. En conclusión, **no** se cometieron los errores señalados.

- IV -

Por los fundamentos antes expuestos, *expedimos* el auto de *Certiorari* a los fines de *modificar* la determinación judicial para eliminar las controversias números 1, 2, 5 y 6. Así modificada, *confirmamos* la *Resolución*

dictaminada el 6 de septiembre de 2022 por el Tribunal de Primera Instancia, Sala Superior de Caguas, en todos sus demás extremos.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones